**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS BEAUMONT DIVISION**

DAVID R. PETE, Plaintiff,

GREG ABBOTT, in his official capacity as Governor of the State of Texas, and KEN PAXTON, in his official capacity as Attorney General of the State of Texas, Defendants.

Case No. 1:25cv396  **(JURY TRIAL DEMANDED)**

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff David R. Pete ("Plaintiff"), proceeding pro se, brings this action for declaratory and injunctive relief and damages against Defendants Greg Abbott, Governor of the State of Texas, and Ken Paxton, Attorney General of the State of Texas, in their official capacities. Plaintiff alleges as follows:

## I. INTRODUCTION

- This is a civil rights action challenging the legality of the State of Texas's current redistricting plans for its state and congressional districts. The enacted plans are a racially discriminatory gerrymander that intentionally and effectively dilutes the voting strength of minority citizens, particularly Black and Latino voters. The plans pack and crack minority communities to minimize their electoral influence, create bizarrely shaped districts dominated by racial considerations, and deny minority voters an equal opportunity to participate in the political process and elect candidates of their choice. These plans violate Section 2 of the Voting Rights Act of 1965, the Fourteenth and Fifteenth Amendments to the United States Constitution, and the Constitution of the State of Texas.

## II. PARTIES

- Plaintiff **DAVID R. PETE** is a citizen of the United States and a resident of Beaumont, Jefferson County, Texas. He is registered to vote in Texas and brings this action on his own behalf. Plaintiff resides at 6355 Chinn Ln #2105, Beaumont, Texas, 77708. He can be contacted at 409-998-0229 or 409-242-1918, and by email at DPETEDAVIDPETE@YAHOO.COM.
- Defendant **GREG ABBOTT** is the Governor of the State of Texas and is sued in his official capacity. As Governor, he signed the challenged redistricting plans into law and has the authority to oversee their implementation. He may be served with process at his official address: Office of the Governor, P.O. Box 12428, Austin, Texas 78711.
- Defendant **KEN PAXTON** is the Attorney General of the State of Texas and is sued in his official capacity. As Attorney General, he is the chief legal officer for the State and is responsible for defending the challenged redistricting plans. He may be served with

process at his official address: Office of the Attorney General, P.O. Box 12548, Austin, Texas 78711-2548.

### III. JURISDICTION AND VENUE

- This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) and (4), as this case involves federal questions arising under the Constitution and laws of the United States, including the Fourteenth and Fifteenth Amendments to the U.S. Constitution and the Voting Rights Act of 1965, 52 U.S.C. § 10301, et seq.
- Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this district, and a substantial part of the events or omissions giving rise to the claims, including the dilution of Plaintiff's vote, occurred within this judicial district.

**Sovereign Immunity**

- This action is not barred by the doctrine of sovereign immunity or the Eleventh Amendment. Plaintiff seeks prospective declaratory and injunctive relief against state officials in their official capacities to remedy ongoing violations of federal constitutional and statutory law, as permitted under the doctrine of *Ex parte Young*, 209 U.S. 123 (1908). Furthermore, Congress validly abrogated state sovereign immunity for claims brought under Section 2 of the Voting Rights Act pursuant to its enforcement powers under the Fourteenth and Fifteenth Amendments.

### IV. FACTUAL ALLEGATIONS

- Plaintiff is an African American citizen and a registered voter in the State of Texas, residing in Jefferson County, Texas.
- This lawsuit challenges the 2021 Texas redistricting plans for the U.S. House of Representatives (Plan C2193), the Texas State Senate (Plan S2168), and the Texas House of Representatives (Plan H2316). These plans were enacted by the Texas Legislature and signed into law by Defendant Governor Greg Abbott on October 25, 2021. Hereinafter, these plans are referred to as the "Challenged Plans."
- The Challenged Plans were drawn and enacted with knowledge of their discriminatory effect and were intended to dilute the voting strength of minority citizens, including Black and Latino voters, to secure a partisan advantage for the incumbent party.

**Vote Dilution through Cracking and Packing**

- The Challenged Plans illegally dilute the voting strength of minority citizens in violation of federal law. The plans harm Black and Latino voters by employing the discriminatory techniques of "cracking" and "packing."
- **Cracking:** The plans crack cohesive minority communities by splitting them among multiple districts where their votes are submerged in a majority-white electorate, thereby preventing them from electing their candidates of choice. For example: The plans crack the cohesive and politically active Black community in Jefferson County, splitting its population between Congressional District X and Congressional District Y. This division ensures that Black voters do not form a significant enough bloc in either district to influence the outcome of an election, even though the community is sufficiently large and compact to form the core of a single district.
- **Packing:** The plans pack minority voters into a small number of districts, concentrating their votes far beyond what is necessary to elect their preferred candidates. This

strategy wastes minority votes and diminishes their influence in surrounding districts. For example: The plans pack Black and Latino voters in Harris County into House District X, creating a district that is over 75% minority by voting age population. This hyper-concentration reduces the number of minority-influence districts in the surrounding areas, bleaching the adjacent districts of minority voters and making them less competitive.

**Racial Gerrymandering**
- The drawing of the Challenged Plans was predominated by racial considerations, subordinating traditional, race-neutral redistricting principles such as compactness, contiguity, and respect for political subdivisions.
- The shapes of certain districts in the Challenged Plans are bizarre and irregular, lacking any rational explanation other than an effort to segregate voters based on race. For example, Congressional District 35 is a non-compact district that stretches for hundreds of miles, connecting disparate urban minority communities in Austin and San Antonio with a thin land bridge while carefully carving out non-minority neighborhoods. This configuration cannot be explained by any factor other than race.
- Defendants Abbott and Paxton were instrumental in the creation, enactment, and defense of these discriminatory maps. Defendant Abbott signed the maps into law despite public testimony and evidence of their discriminatory effect. Defendant Paxton, through his office, is now tasked with defending these illegal maps in court.

**V. CAUSES OF ACTION**
## COUNT I Violation of Section 2 of the Voting Rights Act (Vote Dilution) (52 U.S.C. § 10301)

- Plaintiff realleges and incorporates by reference the preceding paragraphs.
- Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, prohibits any state from imposing a voting qualification or standard, practice, or procedure which "results in a denial or abridgement of the right of any citizen of the United States to vote on account of race or color."
- As established in *Thornburg v. Gingles*, 478 U.S. 30 (1986), a violation is established if, based on the totality of circumstances, the political processes leading to nomination or election are not equally open to participation by members of a protected class of citizens in that they have less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice.
- The Challenged Plans, through their cracking and packing of minority populations, have the direct result of diluting minority voting strength. The history of official discrimination in Texas, the extent of racially polarized voting, and the other factors outlined in *Gingles* and its progeny demonstrate that the Challenged Plans deny Black and Latino voters an equal opportunity to participate in the political process.
- The acts and omissions of Defendants have deprived Plaintiff and other minority voters of their rights secured by Section 2 of the Voting Rights Act.

**COUNT II Violation of the Fourteenth Amendment's Equal Protection Clause (Racial Gerrymandering)**
- Plaintiff realleges and incorporates by reference the preceding paragraphs.

- The Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution prohibits a state from making racial distinctions in its laws without a compelling justification.
- As held in *Shaw v. Reno*, 509 U.S. 630 (1993), and *Miller v. Johnson*, 515 U.S. 900 (1995), a redistricting plan violates the Equal Protection Clause if race was the predominant factor in the drawing of district lines and traditional, race-neutral districting principles were subordinated to racial considerations.
- The bizarre shapes of districts in the Challenged Plans, combined with evidence that racial data was used to sort voters, demonstrates that race was the predominant, overriding factor in their creation. The State of Texas lacks a compelling interest to justify this race-based line drawing, and the plans are not narrowly tailored to serve any such interest.
- By creating, enacting, and implementing redistricting plans predominantly motivated by race, Defendants have violated Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment.

**COUNT III Violation of the Fifteenth Amendment**
- Plaintiff realleges and incorporates by reference the preceding paragraphs.
- The Fifteenth Amendment to the U.S. Constitution provides that the "right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State on account of race, color, or previous condition of servitude."
- The Challenged Plans were drawn, enacted, and implemented by Defendants with a racially discriminatory purpose. The plans were specifically designed to dilute the voting strength of Black and Latino voters, thereby abridging their right to vote on account of race.
- The actions of the Defendants in enacting and defending the Challenged Plans constitute a violation of the Fifteenth Amendment.

**COUNT IV Violation of the Texas Constitution**
- Plaintiff realleges and incorporates by reference the preceding paragraphs.
- Article I, Section 3 of the Texas Constitution provides that "[a]ll free men, when they form a social compact, have equal rights, and no man, or set of men, is entitled to exclusive separate public emoluments, or privileges, but in consideration of public services." This provision guarantees equal protection under the law.
- The Challenged Plans, by intentionally discriminating against minority voters through cracking, packing, and racial gerrymandering, deny Plaintiff the equal rights and equal protection guaranteed by the Texas Constitution.
- The actions of Defendants violate Article I, Section 3 of the Texas Constitution.

**VI. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff David R. Pete respectfully requests that this Court enter a judgment:

A. Declaring that the Challenged Plans violate Section 2 of the Voting Rights Act of 1965;

B. Declaring that the Challenged Plans constitute an unlawful racial gerrymander in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

C. Declaring that the Challenged Plans violate the Fifteenth Amendment to the United States Constitution;

D. Declaring that the Challenged Plans violate the Constitution of the State of Texas;

E. Permanently enjoining Defendants, their agents, and their successors in office from administering, preparing for, or conducting any future elections under the Challenged Plans;

F. Requiring the State of Texas, through its Legislature, to promptly prepare and enact new, lawful redistricting plans that fully comply with Section 2 of the Voting Rights Act and the United States and Texas Constitutions;

G. Awarding Plaintiff compensatory and punitive damages in the amount of $500,000,000,000.00;

H. Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and any other applicable law; and

I. Granting any and all other and further relief as this Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: August 6, 2025

Respectfully submitted,

/s/ David R. Pete **DAVID R. PETE**, Plaintiff, Pro Se 6355 Chinn Ln #2105 Beaumont,

Texas 77708 Phone: 409-998-0229 Phone: 409-242-1918 Email:

DPETEDAVIDPETE@YAHOO.COM

*/s/ David R Pete*
*8-6-2025*