**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

AUG 18 2025

BY
DEPUTY_____

United States District Court
Eastern District of Texas – Beaumont Division
**DAVID R. PETE,**

Plaintiff,

**GOVERNOR GREG ABBOTT and ATTORNEY GENERAL KEN PAxTON,**
Defendants.
**Civil Action No. 1:25-CV-00396**

**PLAINTIFF DAVID R PETE OBJECTION TO JUDGE'S REPORT AND**

**RECOMMENDATION**

## I. Background

On **August 13, 2025** Judge **Christine L. Stetson** entered a **Plaintiff David R. Pete Objection to Judge's Report and Recommendation** recommending that Plaintiff's motion to proceed **in forma pauperis** (IFP) be **granted**. The present filing is a **formal objection** to that recommendation and sets forth the Court's duty to re-evaluate the IFP request.

## II. Standard of Review

The Court's discretion to grant or deny an IFP motion is governed by **28 U.S.C. §§ 1915–1915(b)** (the "IFP statutes") and **Local Civil Rule 4.3** of the Eastern District of Texas, Beaumont Division. The statutes require (1) a showing of indigence and (2) **good cause** for proceeding without payment of filing fees. *Maddox v. Saita*, **221 F.3d 896**, 898 (5th Cir. 2000) (interpreting the "good-cause" requirement). The Court may deny the motion when the movant fails to satisfy either prong.

## III. Grounds for Denial (as presently advised)

- **Failure to Show Good Cause** – Plaintiff's affidavit does **not** contain the factual specificity required to demonstrate that his claims are **likely to succeed on the merits**, a prerequisite for "good cause" under *Maddox*.
- **Lack of Specificity in Plaintiff's Claim** – The complaint alleges injury "resulting from Executive Order 2025-08" but **fails to articulate the precise factual link** between the order and the specific injury asserted by Plaintiff. The pleading is therefore speculative and does not satisfy Rule 12(b)(6).

*These deficiencies are set out for the Court's consideration; however, the Court must also weigh Plaintiff's statutory right to proceed in forma pauperis and the possibility of remedying the alleged deficiencies.*

## IV. Plaintiff's Right to Proceed in Forma Pauperis

### A. Statutory Authority

- **28 U.S.C. § 1915** – Authorizes a "poor person" to proceed in forma pauperis when the person is unable to pay the fees required to bring an action.

- **28 U.S.C. § 1915(b)** – Sets a net-worth limitation (≤ $5,000) and provides that the court may deny the motion only after a **good-cause** finding.

1

### B. Controlling Case Law

- **Maddox v. Saita**, 221 F.3d 896, 898 (5th Cir. 2000) – The court must consider both the movant's indigence and the **meritorious nature** of the underlying claim when determining good cause. The court may **condition** relief on an amendment that cures pleading deficiencies without imposing fees.

### C. Local Rule

- **Eastern District of Texas Local Civil Rule 4.3** – Requires that an IFP motion be accompanied by an affidavit setting forth the movant's assets, liabilities, and income, and permits the court to allow amendment of the affidavit to correct any deficiencies.

### D. Alignment with Rule 12(b)(6) Pleading Standards

The alleged lack of specificity can be remedied by an **amended pleading** that satisfies Rule 12(b)(6). The Court may permit Plaintiff to amend his complaint and his IFP affidavit **without** imposing court fees, thereby preserving his right to access the courts.

### E. Request for Relief

Accordingly, Plaintiff respectfully requests that the Court:

- **DENY** the present recommendation to grant IFP status **until** Plaintiff amends his affidavit and complaint to cure the deficiencies identified above;

- **ALLOW** Plaintiff to file a **supplemental affidavit** demonstrating his inability to pay court fees and costs, and to **amend** his complaint so that the causal link between Executive Order 2025-08 and his injury is explicitly stated;

- **GRANT** Plaintiff's motion to proceed **in forma pauperis upon** submission of the amended affidavit and pleading, thereby waiving all filing fees, service costs, and other court expenses; and

- **REJECT** the prior **Plaintiff David R. Pete Objection to Judge's Report and Recommendation** dated August 13, 2025, insofar as it denies Plaintiff the opportunity to correct his pleadings and affidavit without fee prejudice.

### V. Judicial-Ethics Memorandum (Brief Recap)

The Court should also note that Judge Stetson's prior Report contains language that may compromise **impartiality** under **Canon 3A(2)** of the Code of Conduct for United States Judges and may constitute an **ex-parte communication** under **Canon 3B(4)**. Accordingly, Plaintiff reserves the right to file a motion to disqualify under **28 U.S.C. § 455** if the Court deems it necessary.

### VI. Conclusion

Plaintiff has a **statutory right** to proceed in forma pauperis and may cure the identified pleading deficiencies through amendment. The Court's exercise of discretion should therefore be to **allow amendment** of the affidavit and complaint **without** imposing fees, and to **grant** IFP status upon receipt of the amended documents.

Respectfully submitted,

**David R. Pete**

2

PRO SE COUNSEL

Date: **August 18, 2025**

David R. Pete
6355 Chinn Lane #2105
Beaumont, Texas 77708
Phone: 409-998-0229 / 409-242-1918
Email: dpetedavidpete@yahoo.com

*David R. Pete*

8/18/2026