IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DAVID R. PETE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:25-CV-00396-MJT |
| | § | |
| GREG ABBOTT, *in his official capacity as* | § | |
| GOVERNOR of the STATE OF TEXAS; | § | |
| and KEN PAXTON, *in his official capacity* | § | |
| *as* ATTORNEY GENERAL OF THE | § | |
| STATE OF TEXAS | § | |
| | § | |
| *Defendants*. | § | |

## **ORDER**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the District Court referred this proceeding to the Honorable Christine L. Stetson, United States Magistrate Judge, to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOC. R. CV-72.

On August 13, 2025, Judge Stetson recommended that *pro se* Plaintiff David R. Pete's Motion to Proceed *in Forma Pauperis* [Dkt. 2] be denied. On August 18, 2025, Plaintiff filed timely objections [Dkt. 4] to Judge Stetson's report and recommendation [Dkt. 3]. Therein, Plaintiff cited one case for legal support, *Maddox v. Saita*, 221 F.3d 896, 898 (5th Cir. 2000). [Dkt. 4 at 1–2.] But the Court was unable to locate that case nor verify its existence, so Plaintiff was ordered to provide a copy of it to the Court by September 9, 2025 [Dkt. 6].

Plaintiff responded to the Court's order on September 3, 2025 [Dkt. 7]. His response contains multiple issues that must be noted. *First*, Plaintiff did not attach a copy of a "*Maddox v. Saita*" from the Fifth Circuit. Now, Plaintiff's response was filed before the deadline to provide a

copy of the cited case, and in it he states that he "will file a certified copy of the case" by the September 9 deadline [Dkt. 7 at 2]. But that deadline passed, and Plaintiff did not file a copy of *Maddox v. Saita* (or any other case) with the court. Though contradictory to his promise to provide a copy, Plaintiff's response also claims that he misspelled *Maddox v. Saita* and that the court should note he intended to rely on *Maddox v. Saitta* (two t's) in his objections [Dkt. 7 at 2]. The Court was able to locate the docket of a case in Westlaw named *Maddox v. Saitta*, but *Maddox v. Saitta* is a personal-injury motor-vehicle-crash case from the Court of Common Pleas in Allegheny County, Pennsylvania, that was resolved in March 2001. *See* [*Maddox v. Saitta*, AR-00-003901](#) (Westlaw). It is not a Fifth Circuit case from 2000 discussing the federal *in forma pauperis* statute as Plaintiff originally claimed [Dkt. 3 at 1–2]. Plaintiff failed to comply with this Court's order.

*Second*, Plaintiff's response cites at least five other cases that this Court cannot locate nor verify the existence of. *See* [Dkt. 7 at 2]. Interestingly, one of the cases he cites is also called *Maddox v. Saita*. This *Maddox v. Saita* was allegedly decided in 2020 in the Eastern District of Texas. It was not. This case does not exist. Instead of complying with this Court's order to show that he did not rely on artificial-intelligence-hallucinated citations, Plaintiff provided the Court with multiple newly hallucinated AI-created citations. Ironically, Plaintiff asserts that the nonexistent court in *Maddox v. Saita* "held that a party may not rely on 'fabricated' or unavailable authority" because "such reliance constitutes a frivolous filing and warrants a Rule 11 sanction." [Dkt. 7 at 2]. The Court construes Plaintiff's response to mean he recognizes that his conduct is sanctionable. [Dkt. 7 at 3].

In sum, Plaintiff's response did nothing but waste more of the Court's time. It also directly defied a court order—and contained false statements. That is not appreciated.

     The Court is back where it was before it ordered Plaintiff to provide a copy of the purported Fifth Circuit case *Maddox v. Saita*. Magistrate Judge Stetson has recommended that Plaintiff's *in forma pauperis* motion be denied [Dkt. 3]. Plaintiff timely objected, but his objections "rely[] on [a] fake opinion[]," which "is an abuse of the adversary system." *Ford v. Bank of N.Y. Mellon*, No. 24-50053, 2025 WL 1008537, at *1 n.1 (5th Cir. Apr. 4, 2025) (quoting *Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024)). The Court will not consider his objections. Instead, the Court reviews Judge Stetson's recommendation for clear error. *See* FED. R. CIV. P. 72(a).

     Having found no error, the recommendation of the magistrate judge [Dkt. 3] is ADOPTED. Plaintiff's Motion to Proceed *in Forma Pauperis* [Dkt. 2] is DENIED. Plaintiff shall pay the Court's filing fee of $405 to proceed with this action within ten (10) days of this order, or have his case dismissed for failure to prosecute.

     IT IS SO ORDERED.

                            **SIGNED this 14th day of October, 2025.**

                                         Michael J. Truncale
                                         United States District Judge