IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

DAVID R. PETE,                                      §
                                                   §
    *Plaintiff*,                                §
                                                   §
    v.                                          §    CIVIL ACTION NO. 1:25-CV-00396-MJT
                                                   §
GREG ABBOTT, *in his official capacity as*          §
GOVERNOR of the STATE OF TEXAS;                    §
and KEN PAXTON, *in his official capacity*          §
*as* ATTORNEY GENERAL OF THE                       §
STATE OF TEXAS                                     §
                                                   §
    *Defendants*.                              §

**ORDER ADOPTING THE REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE AND DISMISSING THE CASE**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the Court referred this proceeding to the Honorable Christine L. Stetson, United States Magistrate Judge, to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOC. R. CV-72.

On November 20, 2025, the Court ordered *pro se* Plaintiff David R. Pete to show cause as to why he should not be sanctioned under Federal Rule of Civil Procedure 11(b) for his misuse of artificial intelligence (AI) in this action. *See* [Dkt. 12]. Pursuant to that order, Judge Stetson conducted an in-person show-cause hearing with Plaintiff on January 6, 2026. [Dkts. 13, 16, 17]. Thereafter, on May 7, 2026, Judge Stetson issued a Report and Recommendation finding that sanctions were warranted and recommended imposing two $100 fines against Plaintiff for his factual misrepresentations to the Court, one for his filings before the show-cause hearing and one for his filings after the show-cause hearing. *See* [Dkt. 20].

Plaintiff filed objections to the Report and Recommendation on June 2, 2026, [Dkt. 20], which was after his fourteen-day period to object expired.[1]  Despite this tardiness, Plaintiff did not move for leave to file late objections nor explain the lateness in his objections.  Accordingly, the Court reviews the Report and Recommendation for clear error,[2] and finds none.  Thus, it is hereby **ORDERED** that

(1) the Report and Recommendation [Dkt. 20] is **ADOPTED**; and

(2) Plaintiff is **SANCTIONED** under Rule 11(b) and shall pay to the court:

(a) $100 for his factual misrepresentations before the show-cause hearing, and

(b) $100 for the factual misrepresentations in his March 25 motion [Dkt. 19].

It is **FURTHER ORDERED** that this case is dismissed under Rule 41(b) for Plaintiff's failure to pay the filing fee as instructed on October 14, 2025, [Dkt. 9].  A final judgment will be entered.

**SIGNED this 15th day of June, 2026.**

Michael J. Truncale
United States District Judge

---

[1] Although signed by Judge Stetson on May 7, 2026, the Report and Recommendation was not mailed to Plaintiff until May 11, 2026.  Even with his extension for mailing, however, Plaintiff's objections were due on May 28, 2026.  Per the filing on the docket, he filed them in person on June 2.  *See* [Dkt. 20 at 1]; *but see id.* at 7 (falsely claiming that he filed his objections via the Court's CM/ECF system).

[2] The Court also reviewed the transcript of the show-cause hearing and Plaintiff's other filings cited in Judge Stetson's Report and Recommendation.